UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CAMMERON DEWAYNE SMITH,

    Plaintiff,

v.   Case No. 1:23cv92-MW-HTC

ALACHUA COUNTY
SCHOOL BOARD, et al.,

    Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Cammeron Dewayne Smith, proceeding *pro se*, files this suit against seven Defendants, stemming from a dispute between Plaintiff and a co-worker. Plaintiff also seeks to proceed *in forma pauperis*. ECF Doc. 2. Upon consideration, the undersigned recommends this action be DISMISSED, *sua sponte*, for lack of subject matter jurisdiction. Additionally, because Plaintiff's claims are frivolous, his motion to proceed *in forma pauperis* is also DENIED.

I.    BACKGROUND

Plaintiff's complaint names the following Defendants, all of whom are identified as Florida "citizens": (1) Alachua County School Board; (2) Karen Clarke, Superintendent of Public Schools; (3) Paul White, Assistant Superintendent – Operations; (4) Bart Brooks – Human Resource Manager; (5) James Speer – Director

of Transportation; (6) Beverly Finley – Human Resources Employee; and (7) Donna Jones – Assistant Superintendent of Public Schools. ECF Doc. 1 at 2–6. The factual allegations below are taken from the complaint and are accepted as true for purposes of this Report and Recommendation.

On or about April 18, 2018, Plaintiff was preparing to take his required DOT physical when Defendant Speer approached him several times and demanded to speak to Plaintiff. Plaintiff, however, told Speer he would speak to him after he completed his physical. Speer left, came back, and struck Plaintiff on his right leg. He also snatched Plaintiff's DOT physical form out of his hand and wrote "APPEAL" on it. Speer followed Plaintiff into the dispatch area and attempted to provoke him. The next day, Plaintiff filed a formal complaint with Defendant Finley, but has not received a disposition on that complaint. On June 7, 2018, Plaintiff also requested various information pertaining to the investigation of his complaint from Defendant Jones.

Defendant Speer also called the Alachua County Sheriff's Office, alleging Plaintiff "was at work trying to hurt him."[1] Plaintiff received a phone call from someone telling him to "stay away from work," to which Plaintiff responded that he had filed a complaint against Speer and would not be returning to the Transportation

---

[1] It is not clear from the complaint when that call occurred, but it would seem to have been contemporaneous with the events of April 18.

Case No. 1:23cv92-MW-HTC

Department. The caller told Plaintiff "there were law enforcement officers in the office and on the roof with riffles and not come whatever [he does]." Later that day, Plaintiff was in Publix when five employees saw him, stated, "[t]here goes Dewayne," and ran.

Based on these allegations, Plaintiff claims his "civil and constitutional rights" have been violated.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915(e), the Court shall dismiss any claim filed under the *in forma pauperis* statute that "fails to state a claim on which relief may be granted; or ... seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Additionally, district courts have "'unquestionable' authority to control their own dockets. This authority includes 'broad discretion in deciding how best to manage the cases before them.'" *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (citations omitted). Thus, a district court may *sua sponte* dismiss a *pro se* litigant's complaint where the plaintiff cannot cure the defects by amending his complaint, or an amendment would be futile. *See Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020); *Woldeab v. DeKalb Cnty. Bd. of Ed.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Indeed, while a court should read a *pro se* complaint liberally, "early evaluation of the potential merits of a pro se litigant's claim is very important because initial screening by the court can

eliminate patently frivolous actions." *Gonzalez v. Citicorp Credit Srvcs., Inc.*, 2015 WL 13776794 (S.D. Fla. May 18, 2015), *report and recommendation adopted*, 2015 WL 13776795 (June 22, 2015).

## III.   DISCUSSION

Federal courts are courts of limited subject matter jurisdiction that possess only the power authorized by statute or the Constitution. *Kokkoken v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Absent a grant of such jurisdiction, a federal court is "powerless" to consider the merits of a case. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Thus, "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.*

Generally, district courts have subject-matter jurisdiction over only two types of cases: (1) a case involving a federal question or (2) a case involving diversity of citizenship of the parties. *See* 28 U.S.C. §§ 1331, 1332. It is the Plaintiff's burden to establish subject matter jurisdiction, and he has not done so here. *See generally Moreno v. Breiburn Fla., LLC*, 2011 WL 2293124, at *1 (M.D. Fla. June 9, 2011) ("In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction.") (citation omitted).

In the complaint, Plaintiff identifies the following provisions as the basis for federal question jurisdiction: 42 U.S.C. § 1983, 14th Amendment – Violation of Due

Process, and 29 U.S.C. § 1161. Simply referring to a constitutional amendment or federal law, however, does not create subject matter jurisdiction. Instead, for federal question jurisdiction to exist, a plaintiff's complaint must provide "specific facts" showing he is entitled to "claim a right to recover under the Constitution and laws of the United States." *See Bell v. Hood*, 327 U.S. 678, 681 (1946); *Mitchell v. Parham*, 357 F.2d 723, 725 (10th Cir. 1966) ("a mere allegation . . . that the cause arises under the Constitution or laws of the United States without specific facts is not enough under any standard to pass the jurisdictional hurdle"). Thus, a court may dismiss a federal question claim for lack of subject matter jurisdiction if: "(1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (citation, quotations, and alterations omitted).

Here, Plaintiff's factual allegations do not give rise to any feasible claim, much less a federal one. Plaintiff's attempt to state a claim under 29 U.S.C. § 1161 of the COBRA Act[2] is wholly without merit. That provision "requires the sponsor of a group health plan to provide the plan's beneficiaries with the opportunity to elect continued coverage under the plan if they lose coverage as a result of a

---

[2] Consolidated Omnibus Budget Reconciliation Act.

Case No. 1:23cv92-MW-HTC

'qualifying event.'" *Branch v. G. Bernd Co.*, 955 F.2d 1574, 1577 (11th Cir. 1992). Plaintiff's factual allegations have nothing to do with any group health plan.

Likewise, Plaintiff has not alleged any facts to support a claim under the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment provides that a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *J.R. v. Hansen*, 736 F.3d 959, 965 (11th Cir. 2013). Plaintiff appears to take issue with Defendants' failure to investigate his complaint about Speer. There is, however, no constitutional right to an investigation. *See, e.g.*, *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) (finding plaintiff had no substantive right to an investigation of an excessive force complaint by the Sheriff's Office and could not show a procedural due process violation without asserting some constitutionally protected liberty or property interest).

Regardless, any such due process claim or any other constitutional claim under 42 U.S.C. § 1983 is time-barred. A claim under 42 U.S.C. § 1983 must be filed within four (4) years of the date of the alleged violation. *See City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 (11th Cir. 2002) ("[s]ection 1983 claims are governed by the forum state's residual personal injury statute of limitations, which

Case No. 1:23cv92-MW-HTC

in Florida is four years"). The events Plaintiff complains of occurred in 2018. *See* ECF Doc. 1 at 7. Plaintiff, however, did not file this action until 2023.

Finally, there is clearly no diversity of jurisdiction in this case. Plaintiff has not alleged the amount in controversy exceeds $75,000, nor could he, since the complaint is devoid of any facts showing Plaintiff has been damaged. Also, all Defendants are Florida citizens. *See Ranbaxy Lab'ys Inc. v. First Databank, Inc.*, 826 F.3d 1334, 1338 (11th Cir. 2016) ("A district court may exercise diversity jurisdiction only if there is complete diversity between the parties, that is, no two adverse parties are citizens of the same state.").

Because this Court lacks subject matter jurisdiction over this action, it should be dismissed. *See, e.g.*, *Navarro v. Rodrigues*, 574 F. App'x 928 (11th Cir. 2014) (per curiam) (affirming the district court's order adopting the magistrate judge's report and recommendation of dismissal for lack of subject matter jurisdiction "because there are no viable federal claims and the parties are not diverse").

Also, because Plaintiff's claims are frivolous, his motion to proceed *in forma pauperis* is denied. *Reardon v. Institutional Leasing LLC,* 2012 WL 13042665, at *1 (S.D. Fla. Mar. 6, 2012) ("the Court can deny a motion to proceed in forma pauperis and dismiss the action if the claims in the underlying complaint are frivolous or fail to state a claim on which relief may be granted"). "In order to authorize a litigant to proceed *in forma pauperis*, the court must make two

Case No. 1:23cv92-MW-HTC

determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." *Boubonis v. Chater*, 957 F. Supp. 1071, 1072 (E.D. Wis. 1997) (citing 28 U.S.C. § 1915(a) & (e)(2)(B)(i)).  The Court need not "reach a determination on the issue of whether [a plaintiff] is unable to pay the costs of commencing this action" if "a review of [his] complaint reveals that []he cannot meet the second element of the *in forma pauperis* equation," that the action is neither frivolous nor malicious.[3]  *Young v. Marshall*, 2020 WL 7701517, at *2 (S.D. Ala. Dec. 4, 2020), *report and recommendation adopted*, 2020 WL 7700580 (S.D. Ala. Dec. 28, 2020).

Accordingly, it is ORDERED:

1. Plaintiff's motion for *in forma pauperis*, ECF Doc. 2, is DENIED.

It is also RECOMMENDED:

1. This case be DISMISSED for lack of subject matter jurisdiction.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 21st day of April, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE**

---

[3] The Court notes that Plaintiff also does not qualify for *in forma pauperis* status because the financial information Plaintiff provided shows he has sufficient funds to pay the $402 filing fee.

Case No. 1:23cv92-MW-HTC

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.